IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                            CRIMINAL ACTION NO. 5:07-cr-00086

JOBARD MARK SHAW,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Suppress Evidence [Docket 31] filed on July 16, 2007. By Order [Docket 13] entered on May 10, 2007, all pretrial motions in this case were referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), on October 17, 2007, Magistrate Judge VanDervort entered a Proposal and Recommendation [Docket 48] in which he recommended that the Court deny Defendant's motion to suppress.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 845 (4th Cir.1985). Here, objections to Magistrate Judge VanDervort's proposal and

recommendation were due by November 2, 2007, pursuant to 28 U.S.C. § 636(b)(1). To date, no objections have been filed.

Defendant moves to suppress all evidence of drug transactions occurring at his home, including all evidence seized pursuant to a search warrant issued based on the alleged drug sales. This evidence was gathered after a confidential informant entered Defendant's home wearing an audio and video recording device and engaged Defendant in controlled drug transactions. After the controlled buys with Defendant, law enforcement officers obtained a search warrant from the Circuit Court of Raleigh County to search Defendant's home, where law enforcement officers discovered more drugs and the buy money from the previous transactions.

Defendant's principal argument is that this evidence was unconstitutionally seized because law enforcement officers did not obtain a court order before sending the confidential informant into his house for the controlled buys. In support of this argument, Defendant relies on the West Virginia Supreme Court's decision in *State v. Mullens*, ___ W. Va. ___, 650 S.E.2d 169 (2006). In *Mullens*, the Court held that "Article III, § 6 of the West Virginia Constitution prohibits the police from sending an informant into the home of another person under the auspices of the one-party consent to electronic surveillance provisions of [the West Virginia Code] where the police have not obtained prior authorization to do so . . . ." 650 S.E.2d at 190. The issue, then, is whether *Mullens* applies to federal prosecutions where state law enforcement officers conducted controlled buys of drugs, utilizing a confidential informant wearing a wire, but without a warrant.

A recent case from the United States District Court for the Northern District of West Virginia decided this same issue in favor of the government and declined to apply *Mullens* in federal prosecutions. *See United States v. Braham*, No. 1:05CR43, 2007 WL 2011429 (N.D. W. Va. July

6, 2007). In *Braham*, the Court found that material seized without a warrant by state officials was admissible under the Fourth Amendment, which alone controls the admissibility of such evidence in federal court. *United States v. White*, 401 U.S. 745 (1971); *United States v. Clyburn*, 24 F.3d 613 (4th Cir. 1994). In the instant case, the magistrate judge further relied on *United States v. Glasco*, 917 F.2d 797, 799 (4th Cir. 1990), which held that "state law is simply irrelevant in a federal prosecution if the investigating officers, even state officers acting alone, are not acting under the authorization of a state court." The Court agrees with the reasoning of the court in *Braham* and the magistrate judge in this case and hereby adopts the reasoning of the Proposal and Recommendation in its entirety.

Based on the foregoing analysis, and as no objections to the Proposal and Recommendation have been filed, the Court **ADOPTS** Magistrate Judge VanDervort's Proposal and Recommendation [Docket 48] and **DENIES** Defendant's Motion to Suppress Evidence [Docket 31]. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, the United States Marshal, and Magistrate Judge VanDervort.

ENTER: November 5, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE