**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:07-cr-00086

JOBARD MARK SHAW,

              Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Judgment of Acquittal; Motion to Set Aside the Jury Verdict and Motion for a New Trial [Docket 73], filed on November 13, 2007. The Government filed its Response [Docket 74] on November 19, 2007. Defendant's motion is now ripe for adjudication.

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 9, 2007, Defendant was indicted on two counts of distribution of a controlled substance, in this case cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1), and one count of possession with the intent to distribute a controlled substance, in this case cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). Defendant moved to suppress all evidence obtained after the Government sent a confidential informant into his home wearing an audio and video recording device without first obtaining a court order. The Court denied that motion and the case went to trial. At the close of the Government's case, counsel for Defendant moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The Court denied

that motion and on November 7, 2007, the jury returned a verdict of guilty on all three counts. Defendant then timely renewed his motion for a judgment of acquittal and moved for a new trial.

## II.  LEGAL STANDARD

### A.  Motion for Judgment of Acquittal

It is well settled that, when considering a defendant's motion for judgment of acquittal, a court must determine whether, when viewed in the light most favorable to the Government, there is sufficient evidence such that "any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). The Court may not "weigh the evidence or review the credibility of the witnesses," as those functions are left to the jury. *Id.* Rather, in making its determination, the Court "must assume that the jury resolved all contradictions in testimony in favor of the Government." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

### B.  Motion for a New Trial

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where the motion challenges the weight of the evidence, a court has much broader discretion than when ruling on a motion for judgment of acquittal. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). Thus, a court is not required to view the evidence in the light most favorable to the Government, and it may assess the credibility of witnesses as it sees fit. *Id.* "When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial." *Id.*

### III.  ANALYSIS

A.      *Sufficiency of Evidence*

In his first and third grounds for relief, Defendant challenges the sufficiency of the evidence to sustain his conviction.  Defendants who challenge the sufficiency of the evidence to sustain their conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995).  A court must uphold a jury's verdict if there is substantial evidence to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942).  "[I]n the context of a criminal action, substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

In order to convict Defendant of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), the Government was required to prove: 1) that the defendant distributed a quantity of cocaine base; 2) that the defendant did so knowingly and intentionally; and 3) that the defendant knew the substance was cocaine base. *See United States v. Gibbs*, 182 F.3d 408, 433 (6th Cir. 1999).  In order to convict Defendant of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), the Government was required to prove: 1) that the defendant possessed with the intent to distribute five grams or more of cocaine base; and 2) that the defendant did so knowingly and intentionally. *See United States v. Samad*, 754 F.2d 1091, 1096 (4th Cir. 1984).

Viewing the evidence in the light most favorable to the Government, the Court found at the close of the Government's case that the evidence was sufficient to submit the case to the jury.  (Trial Tr. vol. 2, 50-51, Nov. 7, 2007.)  The Government presented evidence that Defendant knowingly

and intentionally distributed crack to a cooperating individual on two separate occasions. The Government also offered testimony that Defendant knowingly and intentionally possessed with the intent to distribute a quantity of crack. The testimony also indicated that the quantity found in the bedroom of Defendant's apartment was consistent with the amounts possessed by drug dealers. The Court found at trial that the Government had presented sufficient evidence to submit the case to the jury and the Court has not been persuaded otherwise. Thus, Defendant's request for relief on this ground is denied.

      B.     *Admission of Defendant's Statement to Janelle Penn to "Keep your mouth shut."*

Defendant renews his objection to the admission of Defendant's statement to Janelle Penn, made before he was in custody, to "Keep your mouth shut." In support of this objection, Defendant points out that the Government represented that he had been Mirandized even though no evidence had been introduced to show that *Miranda* warnings were given. Defendant's argument on this point is without merit. If Defendant had been Mirandized, his statement would have been voluntary and would have come in regardless. Even if he was not yet Mirandized, his statements are still admissible as an admission, Fed. R. Evid. 801(d)(2), because his statement was not elicited by the police and therefore not the result of interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) ("[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect.") Moreover, no warnings were required here because he was not in custody at the time the statements were made. *See Illinois v. Perkins*, 496 U.S. 292, 297 (1990). Thus, the distinction Defendant attempts to draw is of little consequence and the Court denies Defendant's request for relief on this ground.

4

C.      *Admission of Detective Gant Montgomery's Expert Testimony*

Defendant argues that the Court erred in allowing Detective Gant Montgomery to testify as an expert witness.  A witness with particular "knowledge, skill, experience, training, or education" may testify as an expert "[i]f [that] scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  "A district court has broad discretion to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar." *United States v. Sarabia-Martinez*, 276 F.3d 447, 452 (8th Cir. 2002).  Detective Montgomery is certainly qualified as an expert.  He has worked for the Beckley City Police Department for thirteen years and has extensive experience regarding the drug trade, including working with the drug unit since 1999.  (Trial Tr. vol. 1, 84, Nov. 6, 2007.)  After counsel for the Government established a basis for Detective Montgomery's qualification as an expert witness and counsel for Defendant conducted extensive voir dire on those qualifications, the Court found that the detective was sufficiently qualified.  (Tr. vol. 1, 106-12.)  Further, his testimony regarding the tools of the drug trade was helpful to the jury in understanding the evidence and facts of the case.  Accordingly, Defendant's request for relief on this ground is denied.

D.      *Motion to Suppress*

In its Memorandum Opinion and Order [Docket 59] entered on November 5, 2007, the Court adopted Magistrate Judge VanDervort's recommendation to deny Defendant's motion to suppress. Defendant failed to object to the magistrate judge's recommendation at that time, however, and a general post-trial objection will not cure that failure.  Thus, the Court references and incorporates herein its analysis in the order denying Defendant's suppression motion.

E.      *Motion to Challenge Juror*

In his brief, Defendant contends that the Court erred in denying his motion to challenge a potential juror for cause, thereby forcing him to use a peremptory challenge to remove the juror. The basis for Defendant's original motion was the juror's "relationship with a number of police officers including State Trooper Ayres[,] a witness for the government[.]" (Docket 73 at 2.)

"A trial judge has very broad discretion in deciding whether to excuse a juror for cause and his decision will not be overturned except for manifest abuse of that discretion." *Poynter by Poynter v. Ratcliff*, 874 F.2d 219, 222 (4th Cir. 1989). A trial court's determination of a prospective juror's credibility or bias is given "special deference." *Patton v. Yount*, 467 U.S. 1025, 1038 (1984). During voir dire, the Court denied Defendant's motion to strike based on the prospective juror's continued assertions that he would be able to decide the case based on the law and the facts despite his association with various law enforcement officers. (Trial Tr. vol. 1, 33.) The Court finds no basis to change its decision.

Moreover, Defendant contends that he was forced to use a peremptory challenge to strike the prospective juror. Defendant actually had a choice here: use a peremptory challenge and cure any potential defect or allow the juror to sit on the jury and take his chances on appeal via a Sixth Amendment challenge. *See United States v. Martinez-Salazar*, 528 U.S. 304, 315 (2000). He chose to use a peremptory challenge and received an impartial jury as a result. "[A] defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause." *Id.* at 317. Thus, even if the juror should have been stricken for cause, Defendant suffered no harm.

6

*IV.  CONCLUSION*

Based on the foregoing analysis, the Court FINDS that, viewing the evidence in the light most favorable to the Government, a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt and that the interests of justice do not require a new trial in this instance.  Thus, Defendant's Motion for Judgment of Acquittal; Motion to Set Aside the Jury Verdict and Motion for a New Trial [Docket 73] is **DENIED**.  The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        January 15, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE