## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JOBARD MARK SHAW,

     Movant,

v.            CIVIL ACTION NO.  5:10-cv-00871
             (Criminal No. 5:07-cr-00086)

UNITED STATES OF AMERICA,

     Respondent.


### MEMORANDUM OPINION AND ORDER

Pending is Movant Jobard Mark Shaw's motion for an extension of time to file objections [ECF 148] and his motion to reconsider the Court's July 22, 2013, Memorandum Opinion and Order [ECF 150].[1]  For the reasons that follow, the Court **GRANTS** both motions.

### I.  BACKGROUND

On June 28, 2010, Movant filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 129].  The motion was referred to United States Magistrate Judge R. Clarke VanDervort for proposed findings of fact and recommendations for disposition (PF&R).  On June 17, 2013, the magistrate judge filed his PF&R recommending that the Court deny Movant's § 2255 motion (ECF 144).  The United States District Clerk's Office for this District mailed a copy of the PF&R to Movant's last known address, a Federal Correctional

---

[1]  The Court also construes Movant's motion to reconsider the Court's July 22, 2013, Memorandum Opinion and Order as an objection to the PF&R.

Institution in California.  Objections to the PF&R were due by July 5, 2013.  On July 11, 2013, the PF&R was returned to the Clerk's Office, apparently because the post office box listed on the address was incorrect; on the same day, the Clerk's Office re-sent the PF&R to Movant's correct post office box (ECF 145).  On July 22, 2013, the Court entered its Memorandum Opinion and Order adopting the PF&R, denying Movant's § 2255 motion, and dismissing this case (ECF 146).  On July 29, 2013, Movant filed his motion for an extension of time to respond to the PF&R (ECF 148).  On August 1, 2013, Movant filed his objection to the PF&R (ECF 149).  On August 5, 2013, Movant filed a motion to reconsider the Court's July 22, 2013, Memorandum Opinion and Order (ECF 150).

For good cause shown, the Court construes movant's motions as timely-filed motions under Federal Rule of Civil Procedure 60(b)(1), **RE-OPENS** this case, **VACATES** the Court's July 22, 2013, Memorandum Opinion and Order (ECF 146), **GRANTS** Movant's motion for an extension of time to respond to the PF&R [ECF 148], and **GRANTS** Movant's motion to reconsider the Court's July 22, 2013, Memorandum Opinion and Order [ECF 150].

## II. DISCUSSION

The Court now will examine Movant's August 1, 2013, Objection (which the Court deems timely filed) to the PF&R.

In his one-page Objection to the PF&R, Movant states as follows:

> I, the Defendant, Jobard Shaw, Civil Action No: 5:10-0871 and Criminal Action No: 5:07-0086 do raise the complaint that United States Magistrate Judge R. Clarke Vandervort failed to address all of the grounds that I have raised in my Habeas Corpus proceeding.

> I uphold my earlier stance in regards to my Habeas Corpus.  But find that certain issues that I had brought to the attention of the court in said document were not addressed in the Proposed Findings and Recommendation form that I

2

> received from the court.  In order for the trial judge to make a fully informed
> decision about my case all the issues that I have legitimately raised have to be
> addressed.

(ECF 149 at 1.)

At the outset, the Court is mindful that filings by pro se litigants are to be given a liberal construction.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) ("Pro se lawsuits present district judges and magistrates with a special dilemma.  On the one hand, they represent the work of an untutored hand requiring special judicial solicitude.  On the other, they may present obscure or extravagant claims defying the most concerted efforts to unravel them.")  The Court is also mindful, however, that "[p]rinciples requiring generous construction of pro se complaints are not, however, without limits" and that liberal construction of pro se filings "does not require . . . courts to conjure up questions never squarely presented to them" and does not require a court to "construct full blown claims from sentence fragments. . . ."  *Id.* at 1278.

The standards for a court's review of a magistrate judge's PF&R are well-settled.  Federal Rule of Civil Procedure 72(b)(2) requires a party to serve and file "specific written objections" to a PF&R within fourteen days after being served with a copy of the PF&R.  The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that

3

do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In his cursory Objection, Movant broadly claims the magistrate judge "failed to address all of the grounds that I have raised in my Habeas Corpus proceeding." (ECF 149 at 1.) Movant, however, fails to identify any specific claim that the magistrate judge allegedly did not address. As such, Movant makes only a cursory objection to the PF&R that fails to direct the Court to any specific error in the magistrate's PF&R and asks the Court to conduct an exhaustive, independent review of all of the facets of all of the claims asserted in his § 2255 motion.

In the absence of any specific objection to the PF&R, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Nonetheless, the Court notes that in Movant's § 2255 motion he asserted four distinct claims: (1) a challenge to the Court's subject-matter jurisdiction (ECF 129 at 4–7); (2) a claim of prosecutorial misconduct (*Id.* at 8–13); (3) a claim that the Court abused its discretion at trial with respect to certain evidentiary matters (*Id*. at 15–19); and (4) a claim of ineffectiveness of counsel (*Id*. at 19–22). Contrary to Movant's general claim that the magistrate judge "failed to address all of the grounds" Movant raised in his § 2255 motion, the magistrate judge did in fact address each of Movant's four claims. The magistrate judge addressed Movant's subject matter claim on page five of the PF&R, the evidentiary claims on pages seven and eight, the prosecutorial misconduct claims on pages five through seven, and the ineffective assistance of counsel claims on pages eight through fourteen.[2]

---

[2]   The Court notes *sua sponte* one immaterial error in the PF&R. Footnote 6 of the PF&R erroneously states that jury venires in this District are comprised from "voter registration lists." (ECF 144 at 12.) Jury venires are not derived from voter registration lists. Rather, jury venires in this District are taken from lists of actual voters of the counties within each division of the District. *See Plan Prescribing Method for the Composition of Jury and the*

### III.    CONCLUSION

Accordingly, the Court **GRANTS** Movant's motion for an extension of time to respond to the PF&R [ECF 148], **GRANTS** Movant's motion to reconsider the Court's July 22, 2013, Memorandum Opinion and Order [ECF 150], **OVERRULES** Movant's Objection, **ADOPTS** the PF&R, **DENIES** Movant's § 2255 motion [129], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Pursuant to Rule 11(a), Movant may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.   Accordingly, the Court **DENIES** a certificate of appealability.

   **IT IS SO ORDERED.**

---

*Qualification and Random Selection of Grand and Petit Jurors*, United States District Court, Southern District of West Virginia (revised and adopted by the Court on February 15, 2013, and approved by the Fourth Circuit Court of Appeals on February 22, 2013).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          December 10, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE